UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| VERONCIA WARREN, | § § § | Case No. 6:19-CV-00588 |
| | § | JURY DEMANDED |
| Plaintiff, | § § | **COMPLAINT** |
| vs. | § § | |
| MUGGLE TOWING, LLC, TREY CARNLEY, BRENNEN MITCHELL, and CREDIT ACCEPTANCE CORPORATION, | § § § § § § | |
| Defendants. | § | |

Plaintiff Veroncia Warren hereby complains against defendants Muggle Towing, LLC ("Muggle"), Trey Carnley, Brennen Mitchell, and Credit Acceptance Corporation ("CAC"), and alleges as follows:

## OPERATIVE FACTS

1. Plaintiff purchased a vehicle from a Texas auto dealership, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract and security interest to defendant CAC. Plaintiff subsequently fell behind on the contract payments.

2. CAC hired defendant Muggle to repossess plaintiff's vehicle.

3. On December 4, 2019, plaintiff and her boyfriend Christopher Wallace arrived at a Walmart in Tyler, Texas. Wallace went inside the Walmart, and plaintiff remained in the car. Defendant Mitchell tried to enter plaintiff's vehicle, and when unsuccessful, motioned for her to get out. Plaintiff refused. Muggle hooked up plaintiff's vehicle to the tow truck while plaintiff was still inside. Defendant Carnley

then lifted plaintiff up inside the vehicle, with his towing apparatus.

4. Wallace came out of the Walmart. Defendant Mitchell, who was armed with a knife, physically attacked Wallace and threatened to stab him. Defendant Mitchell said that he and Carnley would "take your girlfriend for a ride."

5. Carnley drove away with plaintiff inside her vehicle, still lifted and attached to the towing apparatus. Plaintiff desperately called 911 inside the car. Carnley stopped near the Walmart, exited his truck, and tried to pry open plaintiff's window with a device. Wallace was trying to catch up to the vehicle. Carnley told plaintiff that if her boyfriend came any closer, he would take plaintiff for a ride to the yard.

6. Carnley then drove the truck away from the Walmart down the highway, with plaintiff still lifted in the air and in tow, and defendant Mitchell following in another vehicle. At a red light, Mitchell exited his vehicle, approached plaintiff, and told her this was her last chance to get out. Plaintiff refused.

7. Carnley towed the vehicle to a strip mall and stopped. Plaintiff still refused to get out, and waited for the police. Carnley and Mitchell did not retreat. The police arrived, and interviewed the witnesses. Carnley and Mitchell falsely accused Wallace of assaulting Mitchell. The police determined that Carnley and Mitchell had lied to them about the incident.

8. The police report concludes that Carnley and Mitchell committed the crimes of aggravated assault, unlawful restraint, and making a false report to a police officer. By their conduct, defendants breached the peace during the attempted repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant Muggle is headquartered in this district.

## PARTIES

11. Plaintiff Veroncia Warren is a natural person over the age of 18 years and is a resident of Tyler, Texas.

12. Defendant Muggle Towing, LLC is a Texas limited liability company, with its headquarters in Tyler, Texas.

13. Defendant Trey Carnley is a natural person over the age of 18 years.

14. Defendant Brennen Mitchell is a natural person over the age of 18 years.

15. Defendant Credit Acceptance Corporation is a Michigan corporation with its headquarters in Southfield, Michigan.

16. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendants Muggle, Carnley, and Mitchell For Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq)**

17. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

18. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

19. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect

dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

20. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

21. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

22. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

23. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
**(Against All Defendants For Violations Of The Texas Fair Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)**

24. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

25. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

26. Defendants violated Tex. Fin. Code § 392.301(a)(1) by using and/or threatening to use violence or other criminal means to cause harm to a person or property of a person.

27. Defendants violated Tex. Fin. Code § 392.301(a)(2) by falsely accusing Wallace of a crime.

28. Defendants violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action that

was prohibited by law.

29. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

30. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

## THIRD CAUSE OF ACTION
### (Against All Defendants For False Imprisonment)

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. Defendants willfully detained plaintiff without her consent and without authority of law.

33. Plaintiff has suffered and is entitled to recover damages for defendants' false imprisonment.

34. Defendants acted with fraud, malice, and/or gross negligence with respect to plaintiff, thereby entitling plaintiff to an award of punitive damages. Defendants' acts of violence, kidnapping and fraud were in wanton disregard of plaintiff's rights. CAC was grossly negligent or malicious in employing Muggle, and ratified Muggle's conduct after the incident. Muggle was grossly negligent and/or malicious in hiring Carnley and Mitchell, and knew or should have known that they were unfit to employ.

## FOURTH CAUSE OF ACTION
### (Against Defendant CAC for Violations of the Uniform Commercial Code)

35. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

36. Defendants violated Texas Bus. & Commerce Code § 9.609(b)(2) by attempting to repossess plaintiff's vehicle in breach of the peace.

37. Plaintiff is entitled to recover the actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

38. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal

amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

## PRAYER

WHEREFORE, plaintiff prays for relief, and demands judgment as follows:

1. For actual damages;

2. For statutory damages;

3. For exemplary damages;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Texas Constitutions.

Dated: December 9, 2019

Respectfully submitted,

*/s/ Alexander B. Trueblood*
Alexander B. Trueblood
Texas Bar No. 24100609
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, Texas 78701
512-537-0388
512-582-8516 facsimile
*alec@hush.com*

ATTORNEYS FOR PLAINTIFF
VERONCIA WARREN