TCS.12075

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **VERONICA WARREN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.6:19-cv-00588** |
| | § | |
| **MUGGLE TOWING, LLC, TREY CARNLEY, BRENNEN MITCHELL, and CREDIT ACCEPTANCE CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS, TREY CARNLEY'S AND BRENNEN MITCHELL'S ANSWER**

**COME NOW,** Defendants, Trey Carnley and Brenna Mitchell (collectively "Defendants") and submit their Answer to Plaintiff's Complaint as follows:

1. Defendants lacks sufficient information to admit or deny the allegations set forth in in paragraph one of Plaintiff's Complaint, and therefore deny same.

2. Defendants lacks sufficient information to admit or deny the allegations set forth in in paragraph two of Plaintiff's Complaint, and therefore deny same.

3. Defendants generally deny the specifics allegations set forth in paragraph three of Plaintiff's Complaint.

4. Defendants generally deny the specifics allegations set forth in paragraph four of Plaintiff's Complaint.

5. Defendants generally deny the specifics allegations set forth in paragraph five of Plaintiff's Complaint.

6. Defendants generally deny the specifics allegations set forth in paragraph six of Plaintiff's Complaint.

7. Defendants generally deny the specifics allegations set forth in paragraph seven of Plaintiff's Complaint.

8. Defendants generally deny the specifics allegations set forth in paragraph eight of Plaintiff's Complaint.

9. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph nine of Plaintiff's Complaint, and therefore denies same.

10. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph nine of Plaintiff's Complaint, and therefore denies same.

11. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph eleven of Plaintiff's Complaint, and therefore denies same.

12. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph twelve of Plaintiff's Complaint, and therefore denies same.

13. Defendant, Trey Carney admits the allegations set forth in paragraph thirteen of Plaintiff's Complaint.

14. Defendant, Brennen Mitchell admits the allegations set forth in paragraph fourteen of Plaintiff Complaint.

15. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph fifteen of Plaintiff's Complaint, and therefore denies same.

16. Defendants generally deny the allegations set forth in paragraph sixteen of Plaintiff's Complaint.

17. No response it required to paragraph seventeen of Plaintiff's Complaint.

18. Defendants generally deny the allegations set forth in paragraph eighteen of Plaintiff's Complaint, and demands strict proof thereof.

19. Defendants generally deny the allegations set forth in paragraph nineteen of Plaintiff's Complaint, and demands strict proof thereof.

20. Defendants generally deny the allegations set forth in paragraph twenty of Plaintiff's Complaint, and demands strict proof thereof.

21. Defendants generally deny the allegations set forth in paragraph twenty-one of Plaintiff's Complaint, and demands strict proof thereof.

22. Defendants generally deny the allegations set forth in paragraph twenty-two of Plaintiff's Complaint, and demands strict proof thereof.

23. Defendants generally deny the allegations set forth in paragraph twenty-three of Plaintiff's Complaint, and demands strict proof thereof.

24. Defendants generally deny the allegations set forth in paragraph twenty-four of Plaintiff's Complaint, and demands strict proof thereof.

25. Defendants generally deny the allegations set forth in paragraph twenty-five of Plaintiff's Complaint, and demands strict proof thereof.

26. Defendants generally deny the allegations set forth in paragraph twenty-six of Plaintiff's Complaint, and demands strict proof thereof.

27. Defendants generally deny the allegations set forth in paragraph twenty-seven of Plaintiff's Complaint, and demands strict proof thereof.

28. Defendants generally deny the allegations set forth in paragraph twenty-eight of Plaintiff's Complaint, and demands strict proof thereof.

29. Defendants generally deny the allegations set forth in paragraph twenty-nine of Plaintiff's Complaint, and demands strict proof thereof.

30. Defendants generally deny the allegations set forth in paragraph thirty of Plaintiff's Complaint, and demands strict proof thereof.

31. No response is required to paragraph thirty-one of Plaintiff's Complaint.

32. Defendants generally deny the allegations set forth in paragraph thirty-two of Plaintiff's Complaint, and demands strict proof thereof.

33. Defendants generally deny the allegations set forth in paragraph thirty-three of Plaintiff's Complaint, and demands strict proof thereof.

34. Defendants generally deny the allegations set forth in paragraph thirty-four of Plaintiff's Complaint, and demands strict proof thereof.

35. No response is required to paragraph thirty-five of Plaintiff's Complaint.

36. Paragraph thirty-six of Plaintiff's Complaint alleges actions against other Defendants, to the extend these allegations can be imputed to Defendants, Defendants deny same.

37. Paragraph thirty-seven of Plaintiff's Complaint alleges actions against other Defendants, to the extend these allegations can be imputed to Defendants, Defendants deny same.

38. Paragraph thirty-eight of Plaintiff's Complaint alleges actions against other Defendants, to the extend these allegations can be imputed to Defendants, Defendants deny same.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Statute of limitations;

2. The award of punitive damages violates the Constitution of the United States.

3. Failure to mitigate;

4. Plaintiff's damages if any where the result of her own acts or the acts of third parties over which Defendants had no control;

5. Plaintiff's claims are subject to arbitration under the Federal Arbitration Act;

6. Defendant's reserve the right to assert additional affirmative defenses as discovery is conducted.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**ADAM J. STRANGE**
State Bar No. 24090763
astrange@feesmith.com
**Fee, Smith, Sharp & Vitullo, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANTS**
**TREY CARNLEY and BRENNEN MITCHELL**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

***Via E-Service: alec@hush.com***
Alexander B. Trueblood
Trueblood Law Firm
700 Lavaca Street, Suite 1400
Austin, TX 78701
***Attorney for Plaintiff***

**MICHAEL P. SHARP**